May Term, 1839.

SHERRY
v.
MARTIN.

---

SHERRY *v.* MARTIN.

The defendant cannot require the plaintiff in a justice's Court, under the statute, to answer on oath as to any matters not specially pleaded.

Tuesday,
June 4.

ERROR to the *Tippecanoe* Circuit Court.

DEWEY, J.—This was an appeal from the judgment of a justice of the peace to the Circuit Court. The action was commenced by *Martin*, for the use of *Rathbone*, in assumpsit on a promissory note against *Sherry* the maker. Pleas, general issue and former recovery.

On the trial of the cause in the Circuit Court, the defendant required *Martin*, the plaintiff, to be sworn as a witness. He was accordingly sworn, but the Court determined that he was not bound to testify "as to the general issue." The defendant then asked him several questions which had no relation to the special plea of former recovery. The Court decided that he should not answer them. The defendant excepted.

The only question in the case is, whether the defendant was entitled to the benefit of the testimony of the plaintiff—

that testimony not relating to the special plea—under the provision of the justices' act giving one party the right to swear the other in certain cases.

That provision is as follows: "In all trials in actions of debt or assumpsit before any justice, it shall be lawful for the plaintiff, if the defendant deny the debt, demand, or account, to require such defendant to answer on oath or affirmation to such charge; and if thereupon the defendant deny the same, the plaintiff shall not have judgment, unless he establish his claim by legal evidence; and whenever the defendant in any such action shall allege matter of payment or set-off to the plaintiff's demand, or plead or set up any other plea or defence in bar of the same, he may in like manner require the plaintiff to answer such allegation or plea on oath or affirmation; and upon the refusal of either party to answer as aforesaid, the justice shall enter up judgment as if the matter so charged or pleaded were confessed." R. C. 1831, p. 304.

It is evident from this language, that the legislature designed to give the litigating parties equal and reciprocal rights.

Before the defendant can be called upon to answer upon oath there must be something *charged* against him, which, if confessed, would entitle the plaintiff to judgment; so, on the other hand, before a like call can be made upon the plaintiff some matter must be so *pleaded*, that if admitted to be true it would bar the action. This provision is clearly not applicable to the general issue. That plea alleges nothing which is capable of denial. It is itself a general negative to the whole cause of action, and entitles the plaintiff to swear the defendant as to the truth of the charge which it denies. It would be singular indeed, if it also gave the latter the right of making a witness of the former! What could a plaintiff under such circumstances testify to in behalf of the defendant? Certainly to nothing alleged in the plea; and it is clear that the statute does not contemplate that he should be required to swear to the falsity of his own claim. As well might it be contended, that if the plaintiff should take issue upon a plea of payment or other special plea, he could demand of the defendant to be sworn to disprove his own defence. If such were the law, there could be no issue before a justice in which both parties could not make witnesses of each other. Such is not

the design of the statute; its object is when either party denies a specific allegation of the other, the party denying shall be compelled to make his denial under oath.

We are aware that in actions of assumpsit, and in debt on simple contract, various special matters in bar may be given in evidence under the general issue. But we conceive that if the defendant wishes to avail himself of the oath of the plaintiff as to such matters, the statute requires that he should so *plead* them, that if they be taken as confessed, judgment may be rendered in his favour.

Without this construction of the act there is no equality of rights between the parties. The defendant cannot be taken by surprise, because he can only be required to answer to some charge previously made against him by the plaintiff. But if the plaintiff could be demanded to answer to some matter of which he had no previous notice, suddenly brought up under the general issue, he might suffer a disadvantage.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*J. Pettit*, for the plaintiff.

*D. Mace* and *T. J. Evans*, for the defendant.